## REPUBLIC OF HAWAII *v.* AH PING.

EXCEPTIONS FROM CIRCUIT COURT, FIFTH CIRCUIT.

SUBMITTED OCTOBER 2, 1896.          DECIDED OCTOBER 27, 1896.

JUDD, C.J., FREAR AND WHITING, JJ.

Exceptions to a charge on the grounds that it violated the statute against commenting upon the strength of the evidence and gave undue prominence to a particular portion of the evidence, overruled under the circumstances.

OPINION OF THE COURT BY FREAR, J.

The defendant was convicted of larceny in the second degree in the Circuit Court of Kauai, on appeal from the District Magistrate of Waimea, on that Island, and brings the case here on an exception to the charge of the presiding Judge to the jury, and more particularly to that portion of the charge which reads as follows:

"If you believe that Mr. Massie on his interview with the defendant, on the morning after the theft, did not mention the $20 piece, then the statement by the defendant to Mr. Blackstadt that a twenty-dollar piece and some silver had been stolen by some one, if you believe that he made such a statement, needs to be accounted for; and if you believe the testimony of the prosecution on this point, then such a statement by defendant, if he made it, does have a tendency to prove that the defendant was the one who stole the money. If, on the other hand, you

believe the evidence of the defendant on this point, then his statement to Mr. Blackstadt is accounted for."

The Judge also charged the jury that, "If upon the whole evidence in the case you are not convinced beyond a reasonable doubt of the defendant's guilt, you must acquit. But if you are thoroughly convinced beyond a reasonable doubt of defendant's guilt, you must render a verdict of guilt."

The evidence not having been made a part of the bill of exceptions, it must be assumed to have been such as would have justified, if possible, the Judge in giving the instruction. We may at least assume that it was as stated in argument by the Deputy Attorney-General and not contradicted by defendant's counsel, in substance, that a twenty-dollar gold piece and some silver had been stolen from Mr. Massie; that the money had been kept under lock and key in Mr. Massie's house; that there was no explainable way in which the defendant, if he were innocent, could have known the amount or denomination of the money unless told by Mr. Massie; that he was not told by Mr. Massie; that he knew money was kept there; that he had opportunity as a household servant to steal it, and that after the theft he told Mr. Blackstadt that a twenty-dollar gold piece and some silver had been stolen. Against this was the defendant's testimony that Mr. Massie had told him what money had been stolen.

Two objections are made to the charge. The first is that it violated Sec. 1, Ch. 56, Laws of 1892, which provides that "The jury shall in all cases be the exclusive judges of the facts in suits tried before them, and the Judge or Justice presiding at any jury trial (hereinafter named the Court) shall in no case comment upon the character, quality, strength, weakness or credibility of any evidence submitted, or upon the character, attitude, appearance, motive or reliability of any witness sworn in a cause." We think, however, that although part of the instruction may go too far taken by itself, the instruction as a whole comes within the proviso in the latter part of the section above quoted, "that nothing herein shall be construed to prohibit the Court from charging the jury whether there is or is not evi-

dence (indicating the evidence) tending to establish or to rebut any specific fact involved in a cause." There seems to have been no question that the money had been stolen. The question was, who stole it? And the Judge in effect charged that there was evidence, namely, Mr. Massie's statement that he had not told defendant the character of the money, tending to prove the specific fact that the defendant was the one who stole it.

The second objection to the charge is that it places undue importance upon a particular portion of the evidence and ignores the rest. The evidence referred to was in fact the turning point in the case, and the portion of the instruction that was given "upon the whole evidence" was, so far as appears, all that the rest of the evidence called for. No doubt a charge might under some circumstances, though strictly correct so far as it goes, mislead the jury by giving undue prominence to some of the evidence. In this case, however, we are of the opinion that the defendant was not prejudiced in this respect. The Court certainly is not bound in all cases to review the whole. evidence because it has specifically referred to one portion.

The case cited by defendant's counsel, *Smith v. State*, 43 Tex. 103, on both points raised, differs somewhat in its facts from the present case, and the Texas statute does not appear to have the proviso contained in ours.

The exception is overruled.

*Deputy Attorney-General E. P. Dole,* for prosecution.

*Thurston & Stanley,* for defendant.